IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURCIE DIAUNDRA ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM NETHERBY,<br><br>Defendant. | No. 2:20-CV-1478-DTLN-MC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motions for the appointment of counsel. See ECF Nos. 9 and 10.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances. In his motions, plaintiff states that appointment of counsel is warranted because he is indigent. This is not an exceptional circumstance. Further, a review of the record reflects that Plaintiff is able to articulate himself sufficiently. Finally, a review of Plaintiff's complaint suggests that his claims may not be cognizable because he is challenging the fact or duration of his confinement and not the conditions of his confinement.

Accordingly, IT IS HEREBY ORDERED that plaintiff's requests for the appointment of counsel (ECF Nos. 9 and 10) are denied.

Dated: October 19, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2