# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE DiAUNDRA ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM NETHERBY,<br><br>Defendant. | No. 2:20-CV-1478-DTLN-MC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's third motion for the appointment of counsel. See ECF No. 14.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

1  Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment
2  of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances. In his motions, plaintiff states that appointment of counsel is warranted because he is indigent and incarcerated. See ECF No. 14, pg. 1. These are not exceptional circumstances. Further, a review of the record reflects that Plaintiff is able to articulate himself sufficiently. Finally, the Court cannot say at this early stage of the proceedings, before the complaint has even been served, that Plaintiff has a likelihood of success on the merits.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel, ECF No. 14, is denied.

Dated: March 23, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE